OPINION OF THE COURT
Per Curiam.
Order entered April 20, 2005, reversed, with $10 costs, and tenant’s motion to dismiss the petition is granted. The clerk is directed to enter judgment accordingly.
The holdover petition seeks possession of the subject West 57th Street office premises pursuant to RPAPL 715 (1), upon allegations that tenant Banc of America Securities, LLC used the premises unlawfully by engaging in “late trading” and other fraudulent securities practices. The documents submitted by landlord in opposition to tenant’s dismissal motion showed that the trading improprieties complained of, though found by the Securities and Exchange Commission to be part of a “serious[ ]” pattern of misconduct on the part of tenant’s parent company (Bank of America Corporation), were largely carried out by a single member (one Sihpol) of the tenant’s substantial on-site work force. Indeed, it is undisputed on this record that the only criminal prosecution stemming from the tenant’s use of the premises was that brought under a 40-count indictment filed against Sihpol individually, a prosecution which apparently resulted in Sihpol’s acquittal on all but four of the charged counts, on which the jury was deadlocked.
Even affording landlord every favorable inference, the facts as alleged in the record do not trigger the eviction remedy authorized by RPAPL 715 (1), an essential element of which is that the illegal use made of the premises be customary and habitual (see e.g. Grosfeld Realty Co. v Lagares, 150 Misc 2d 22, 23 [1989]; 1165 Broadway Corp. v Dayana of N.Y. Sportswear, 166 Misc 2d 939, 943-944 [1995]).
*57 “To say that a building is ‘used’ for a specified purpose means in substance that it is kept or maintained for such a purpose . . . There must be a showing that the tenant has departed from the legitimate or legal use for which the premises were hired, by some measurable degree of continuity of acts of vice related to the occupancy of the premises or to the method of conducting the business therein.” (2 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 34:5, at 516 [4th ed] [internal quotation marks omitted].)
Landlord neither made such a showing below nor established beyond speculation and surmise that discovery would give rise to a legally cognizable possessory claim.
McCooe, J.P, and Gangel-Jacob, J., concur.